**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SETH AARON WILLIAMS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-08-526-F** |
| | ) | |
| **DAVID C. MILLER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2254 seeking habeas relief from a state court conviction. United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss to which Petitioner has not responded. As Petitioner's time to respond to the motion has lapsed, it is now at issue. See Local Civil Rule 7.1(g).[1] For the following reasons, it is recommended that the motion be granted.

## I. BACKGROUND

By this action, Petitioner challenges his conviction based upon his plea of guilty to one count of child abuse, for which he was sentenced on November 29, 2004 to a 40-year term of imprisonment. Case No. CF-2003-3194, District Court of Oklahoma County, Docket (attached to Brief in Support of Petition as Ex. 1); Petition, p. 1. Petitioner did not move to

---

[1]Although attorneys and pro se parties are expected to be aware of the provisions of the local rules, the undersigned specifically advised Petitioner and his attorney of the requirements of Local Civil Rule 7.1(g) in an order dated May 29, 2008. [Doc. No. 8].

withdraw his guilty plea or directly appeal his conviction. Instead, on September 22, 2005, he filed an application for a hearing to modify his sentence which was denied on November 23, 2005. Case No. CF-2003-3194, District Court of Oklahoma County, Docket; Brief in Support of Motion to Dismiss, Ex. 2. On August 8, 2006, Petitioner filed an application for state post-conviction relief seeking an out-of-time direct appeal which was denied March 26, 2007. Case No. CF-2003-3194, District Court of Oklahoma County, Docket; Petition, p. 1; Brief in Support of Motion to Dismiss, Exs. 4-6. Petitioner appealed the trial court's denial and the Oklahoma Court of Criminal Appeals affirmed the decision on June 1, 2007. Williams v. State, No. PC-2007-413. (Okla. Crim. App. June 1, 2007) (unpublished) (attached to Brief in Support of Motion to Dismiss as Ex. 7). Thereafter, he filed the instant petition on May 19, 2008. Petition, p. 1; Brief in Support of Motion to Dismiss, Ex. 8.

In lieu of responding to the arguments raised in the petition, Respondent filed a motion to dismiss the petition as time barred. Respondent contends that the statute of limitations expired December 9, 2005. Brief in Support of Motion to Dismiss, p. 3. Respondent further argues that Petitioner's post-conviction motion to modify his sentence does not qualify as a properly filed application for post-conviction or other collateral relief and, as such, did not statutorily toll the limitations period. Id. Respondent further contends Petitioner's sole application for post-conviction relief was filed after the statute of limitations expired and, therefore, did not toll it either. Id. at 4-5.

Petitioner is represented by counsel but did not respond to the motion to dismiss or directly address the issue of the petition's timeliness whatsoever. See generally, Petition, pp.

1-4. However, he does contend in his supporting brief that the petition was filed within one year of his discovery of the Oklahoma Court of Criminal Appeals' "change" in the application of Oklahoma law applicable to his claims. Brief in Support of Petition, p. 3.

Petitioner raises two grounds for relief. He first contends he was denied equal protection under the law when the Oklahoma Court of Criminal Appeals refused to allow him to withdraw his guilty plea based upon the trial court's failure to advise him of the applicability of the "85% rule" to his sentence.[2] Petition, p. 3. In his second ground, Petitioner claims ineffective assistance of counsel based upon counsel's failure to advise him of the applicability of the 85% rule. Id.

## II. DISCUSSION

### A. The AEDPA Limitations Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period governing the claims of habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

[2]Oklahoma law requires anyone convicted of certain offenses to serve 85% of the sentence imposed before becoming eligible for parole. Okla. Stat. tit. 21, § 13.1.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsections (B), (C), or (D), the limitations period generally begins to run from the date on which the judgment became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). To the extent Petitioner seeks to characterize his "discovery" of the applicability of the 85% minimum requirement as the factual predicate for his claims, such is unavailing. Petitioner is in effect relying on ignorance of the law with regard to his claims, which generally does not excuse prompt filing. Davis v. Roberts, 425 F.3d 830, 836 (10th Cir. 2005); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has not alleged anything else to suggest that subsections (B), (C), or (D) may apply to the petition, so its timeliness will be evaluated from the date Petitioner's conviction became final by the expiration of the time for seeking direct review.

The trial court sentenced Petitioner on November 29, 2004. Case No. CF-2003-3194, District Court of Oklahoma County, Docket. Petitioner had ten days from that date to move to withdraw his guilty plea. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. As he did not, his conviction became final for limitations purposes on December 9, 2004. See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (finding that petitioner's three convictions pursuant to guilty pleas were final ten days after

the entry of each judgment and sentence where petitioner failed to appeal each conviction, citing Rule 4.2). Therefore, the one-year limitations period began to run on December 10, 2004, and expired on December 10, 2005. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted);[3] United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding courts should employ anniversary method in calculating the AEDPA statute of limitations). As the petition was filed May 19, 2008, years after the expiration of the limitations period, it is unquestionably untimely absent statutory or equitable tolling.

**B. Statutory Tolling**

The limitations period for seeking § 2254 relief is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2241(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Burger v. Scott, 317 F.3d 1133, 1139 (10th Cir. 2003) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)). State procedural law is applied to determine whether an application for state post-conviction relief is "properly filed." Garcia v. Shanks, 351 F.3d 468, 471 (10th

---

[3]This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

Cir. 2003). State court filings made after the expiration of the statute of limitations has expired have no tolling effect upon the limitations period. Fisher, 262 F.3d at 1142-43.

Respondent contends that none of Petitioner's filings statutorily tolled the limitations period because they were either not properly filed applications for post-conviction or other collateral relief, or filed after the statute of limitations had already expired. Brief in Support of Motion to Dismiss, pp. 3-5. The undersigned agrees with Respondent that Petitioner is not entitled to any period of statutory tolling.

Petitioner's first post-conviction filing was his September 22, 2005, application for a hearing to modify his sentence pursuant to Okla. Stat. tit. 22, § 982a. Id. at Ex. 2. However, the Tenth Circuit Court of Appeals has determined that such motions are discretionary and, therefore, do not toll the AEDPA limitations period. See Nicholson v. Higgins, No. 05-7032, 147 Fed. Appx. 7, 8 n.2 (10th Cir. Aug. 2, 2005).

Petitioner's only other post-conviction filing, an application for state post-conviction relief seeking an out-of-time direct appeal, was not filed until August 8, 2006 - long after the applicable limitations period expired on December 10, 2005. Because this application was not filed before the limitations period expired, it had no tolling effect. See Fisher, 262 F.3d at 1142-43.

Because Petitioner is not entitled to any statutory tolling, the petition is untimely unless equitable tolling is appropriate.

**C. Equitable Tolling**

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh, 223 F.3d at 1220. The petitioner bears the burden to demonstrate his entitlement to equitable tolling. Cooper v. Bravo, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing Miller, 141 F.3d at 976).

Petitioner makes no specific argument that he is entitled to equitable tolling, but from his briefing it appears he believes, as mentioned earlier, that his failure to timely file the petition should be excused because of a change in the application of Oklahoma law applicable to his claims and because trial counsel did not advise him of the applicability of the 85% rule to his sentence. Brief in Support of Petition, p. 3.

However, this does not warrant equitable tolling. These are not "rare and exceptional circumstances," Gibson, 232 F.3d at 808, since the failure to inform a defendant of the collateral consequences of a guilty plea, such as Oklahoma's 85% requirement, does not render the plea involuntary or implicate the Sixth Amendment. Chrisman v. Mullins, No. 06-6182, 213 Fed. Appx. 683, 687 (10th Cir. Jan 17, 2007), cert. denied 127 S. Ct. 3012 (2007).

Even if Petitioner's ignorance of the law was a rare and extraordinary circumstance to justify equitable tolling of the limitations period, he must also demonstrate that he has

diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger, 317 F.3d at 1141. Here, Petitioner waited until several years after he began serving his sentences to bring a federal attack on his convictions. Petitioner did not file a direct appeal or any post-conviction application raising the issues presented in the petition or any other challenge until September 2005 - 9 months after his November 2004 conviction became final. Additionally, he waited from June 2007 until May 2008, nearly a full year, to file a petition for federal habeas relief after the state courts had resolved the issues raised in his post-conviction application. In light of this significant delay, equitable tolling is not appropriate. Accordingly, the petition should be dismissed as untimely.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss [Doc. No. 10] be **GRANTED,** and that the petition for a writ of habeas corpus be dismissed as untimely**.** Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before August 4, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned.

**ENTERED this 15th day of July, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE